UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLD GATE PARTNERS, LLC, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | |
| | ) | |
| OWENS-ILLINOIS, INC., | ) | OCTOBER 4, 2018 |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Old Gate Partners, LLC ("Old Gate" or plaintiff), by its undersigned

attorneys, as and for its Complaint against defendant Owens-Illinois, Inc. ("O-I" or defendant),

alleges the following:

## INTRODUCTION

1.     This action brought by Old Gate against O-I arises out of the release of

hazardous substances into the environment at a property currently owned by Old Gate

but previously controlled, managed, owned and/or operated by O-I from approximately 1976

through 1987.  The subject property, located at and known as 265-269 Old Gate Lane, Milford,

CT  06460 ("The Property"), was the site of a plastic bottle manufacturing plant during this time

period.  Old Gate brings this action under the provisions of the Comprehensive Environmental

Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 et seq. ("CERCLA"), the

federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Connecticut statutory and common

law.  Old Gate has and will in the future incur substantial costs relating to the environmental

investigation, remediation and monitoring of the Property.  Old Gate seeks a judgment against O-I awarding response costs and declaratory relief as described herein.

2.     The contamination of the Property caused by O-I has caused and will cause expense, disruption, loss of use, continuing obligations and inconvenience to Old Gate.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the claims alleged in this Complaint that arise under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), *i.e.,* 42 U.S.C. §§ 9601, *et seq.*, pursuant to 28 U.S.C. § 1331.  It has supplemental jurisdiction over claims arising under Connecticut state law pursuant to 28 U.S.C. § 1367 as they are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.     This Court has personal jurisdiction over the defendant O-I pursuant to Fed.R.Civ.P. 4(k) and Conn. Gen. Stat. § 52-59b(a), as O-I: (i) was authorized as a foreign corporation in Connecticut at the time it took the actions alleged herein; (ii) transacted business within Connecticut and Old Gate's claims herein arose directly from that business activity; (iii) committed tortious acts within Connecticut from which Old Gate's claims herein directly arise; and (iv) owned, used and/or or possessed the real property within Connecticut with respect to which plaintiff's claims herein directly arise in that they are based upon actions taken by O-I specifically affecting the real property during such time of ownership, use and/or possession. Moreover, based on the facts alleged herein, as O-I engaged in its activities at issue herein at the forum, it had sufficient minimum contacts with Connecticut to justify this Court's exercise of personal jurisdiction over it, and it could reasonably have anticipated being haled into this Court

based on those facts.  Accordingly, the Court's asserting personal jurisdiction over O-I comports with traditional notions of fair play, substantial justice, and due process under the circumstances of this particular case.

5.     Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and/or omissions (*i.e.,* the contamination) that gave rise to the claims herein, occurred therein, and the Property (that is the subject of this action) is situated therein, *i.e.,* in Milford, Connecticut.  Venue in this Court is also proper pursuant to 42 U.S.C. § 9613 (b) because the release of contaminants occurred and damages therefrom occurred and are continuing in Connecticut.

## PARTIES

6.     Plaintiff Old Gate is a Connecticut limited liability company with an office at 390 North Broadway, Suite 130, Jericho, New York 11753.

7.     Defendant O-I is a Delaware corporation authorized to do business in Ohio, with an office at One Michael Owens Way, Perrysburg, OH 43551-2999.

## STATEMENT OF FACTS

8.     O-I conducted business operations on the Property from approximately 1976 through approximately 1987.  These operations included manufacturing plastic bottles. The production of plastic bottles and ancillary activities conducted at the Property by O-I generated hazardous waste and hazardous substances and petroleum products that were released into the ground, soil, ground water and/or air of the Property causing the Property to be contaminated.

9.      Old Gate purchased the Property on May 15, 2017.

10.     On December 21, 2016, prior to Old Gate's purchase of the Property, the Connecticut Department of Economic and Community Development, working in concert with the Connecticut Department of Energy and Environmental Protection, approved Old Gates's application to enter the Property into the State of Connecticut's Abandon Brownfield Cleanup (ABC) program.

11.     Also prior to purchasing the Property, Old Gate requested that GZA GeoEnvironmental, Inc. ("GZA") perform a Phase I environmental site assessment of the Property (the Phase I").  GZA completed the Phase I on October 7, 2016.

12.     The Phase I shows, *inter alia,* the presence of hazardous waste and various hazardous substances and petroleum products in, at and on the ground, soil, ground water and/or air of the Property which are consistent with O-I's plastic bottle manufacturing and ancillary activities and operations at the Property from approximately 1976 through approximately 1987.

## FIRST COUNT:  CERCLA (42 U.S.C. § 9601, et seq.)

13.     Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 12, *supra*, as if fully set forth at length herein.

14.     The Property is a "facility" within the meaning of 42 U.S.C. § 9601(9).

15.     As a result of O-I's operations at the Property, there have been actual "releases," within the meaning of 42 U.S.C. § 9601(22), of "hazardous substances," within the meaning of 42 U.S.C. § 9601(14), into or upon the ground, soil, ground water and/or air of the Property.

4

16.     Defendant O-I is a "person," or potentially responsible party, within the meaning of 42 U.S.C. § 9607 (a) that owned and/or operated at the Property during the time there were releases of hazardous substances there within the meaning of 42 U.S.C. §§ 9601 (22) and 9607 (a)(2).

17.     O-I's operations at the Property caused the contamination of the Property.

18.     During Old Gate's ownership of the Property, it has not engaged in any business activity nor has it "released" any "hazardous substances" within the meaning of 42 U.S.C. § 9601(22) and of 42 U.S.C. § 9601(14), respectively, into the ground, soil, air or ground water or otherwise, at the Property.

19.     The release of the hazardous substances at the Property by O-I that are the subject of this action have caused and will continue to cause Old Gate to incur necessary costs of response within the meaning of 42 U.S.C. § 9607.

20.     Some or all of the response costs which Old Gate has incurred and/or will continue to incur as a result of O-I's actions discussed herein include costs of investigation, removal, and/or remediation within the meaning of 42 U.S.C. §§ 9607 (a)(4) and 9601(23), (24) and (25).  Some or all of the costs are necessary and consistent with the National Contingency Plan, 40 C.F.R. Part 300, within the meaning of 42 U.S.C. § 9607 (a)(4)(B)

21.     O-I had a continuing duty to remediate the contamination it caused on and in the Property, but it failed to discharge that duty.

22.     Pursuant to 42 U.S.C. §§ 9607 (a), O-I is liable for Old Gate's response costs of investigation, removal and/or remedial action consistent with the NCP for O-I's actions discussed herein.[1]

### SECOND COUNT:  DECLARATORY JUDGMENT
### (28 U.S.C. § 2201 (a) and 42 U.S.C. § 9013(g)(2))

23.     Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 22, *supra*, as if fully set forth at length herein.

24.     In accordance with applicable federal and state statutes and regulations, Old Gate has incurred and will continue to incur substantial costs in taking actions to investigate, remediate and monitor the hazardous substances at issue herein, and to restore the site.

25.     These costs qualify as costs of response within the meaning of CERCLA and are necessary and substantially compliant with the National Contingency Plan.  *See* 42 U.S.C. § 9601(25); 42 U.S.C. § 9605.

26.     An actual controversy exists between Old Gate and O-I in that Old Gate contends that O-I has obligations and potential legal liabilities under CERCLA for such costs as have been or will be incurred for activities performed in the investigation and remediation of

---

[1] Prior to O-I's operating the plastic bottle manufacturing business at the Property in or around 1976, those operations were briefly conducted by another company known as Plastic Beverage, Inc. ("Plastic Beverage"), which company is now believed to be defunct.  Upon information and belief, O-I operated the same type of business at the same location right after Plastic Beverage, and Plastic Beverage's business caused the same releases of hazardous substances as those of O-I.  Based on these and other facts to be obtained in discovery that would establish a *de facto* merger or continuity between the business of Plastic Beverage and O-I, Old Gate asserts that O-I is a successor to Plastic Beverage under CERCLA and consistent with Connecticut common law, and is liable for Plastic Beverage's actions giving rise to liability under all claims asserted herein.  Old Gate reserves its right to assert successor claims against O-I after additional facts arise in discovery.  Old Gate further reserves the right to seek recovery against O-I under CERCLA, as well as the other claims asserted herein, with respect to the actions of any subsequent owners or operators at the Property to the extent their business was a *de facto* merger or continuation of the business of O-I.

hazardous substance contamination at the Property.  Specifically, the determination of the party responsible for these clean-up and remedial costs represents an actual controversy pursuant to 28 U.S.C. § 2201 (a).

27.     Absent a judicial declaration setting forth the parties' rights and obligations with respect to these costs, a multiplicity of subsequent actions may result.  Plaintiff, therefore, requests a judicial determination of the rights and obligations of the parties with regard to the cost of investigating, remediating and monitoring the hazardous substances at issue herein, and restoring the site.

28.     In accordance with the provisions of 28 U.S.C. § 2201 and 42 U.S.C. § 9613 (g)(2), Old Gate seeks a declaration that O-I is liable to Old Gate for investigation, removal, remediation and any other response costs under 42 U.S.C. § 9607(a) with respect to past expenditures and also future expenditures.

### THIRD COUNT:  Conn. Gen. Stat. § 22a-16

29.     Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 28, *supra*, as if fully set forth at length herein.

30.     By its terms, Conn. Gen. Stat. § 22a-16 was created to protect "the public trust in the air, water and other natural resources," *id.* of the State of Connecticut, and Old Gate is within the class of persons recognized by this statute to bring an action for declaratory and equitable relief against O-I in connection with its unlawful activities that contaminated natural resources, including the ground, soil, ground water and/or air of the Property.

31.     The soil and ground water at the Property are natural resources within the meaning of Conn. Gen. Stat. § 22a-16.

32.     O-I's actions in permitting hazardous substances to be released on the Property, as described at length above, and in failing to remediate those releases, were unreasonable.  They violate Conn. Gen. Stat. § 22a-16, in that its actions have resulted in "unreasonable pollution, impairment or destruction" that harmed one or more of the natural resources of the State of Connecticut in violation of Conn. Gen. Stat. § 22a-16.

33.     Old Gate seeks this Court's declaration that (i) O-I has violated Conn. Gen. Stat. § 22a-16, as described above; and (ii) pursuant to Conn. Gen. Stat. § 22a-18(e), Old Gate is entitled to judgment against O-I for Old Gate's costs incurred to restore the ground, soil, ground water and air of the Property and other natural resources affected by the hazardous substances released by O-I at the Property, as well as its costs, including reasonable costs for witnesses and attorneys' fees.

**FOURTH COUNT:  Connecticut General Statute §22a-452 (Reimbursement)**

34.     Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 33, *supra*, as if fully set forth at length herein.

35.     Conn. Gen. Stat. § 22a-452 provides, in pertinent part, that:

(a) [a]ny person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal or mitigation, if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation.

36.     Old Gate is a "person," and/or "firm" within the meaning of § 22a-452 who "…removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid,

liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste [and] shall be entitled to reimbursement…"

37.     O-I is a "person," "firm" and/or "corporation" within the meaning of § 22a-452 and the obligor with respect to the reimbursement of "... the reasonable costs expended for such containment, removal or mitigation…"

38.     O-I's negligent actions described above resulted in the discharge, spillage, uncontrolled loss, seepage and/or filtration, within the meaning of § 22a-452, of oil, petroleum and/or chemical liquids or solids, liquid products and/or hazardous wastes, also within the meaning of § 22a-452.

39.     O-I's negligent actions and failure to act reasonably and in a safe manner on the Property caused the contamination of the Property.

40.     O-I is liable under the theory of, *inter alia,* negligence or negligence *per se,* for the contamination of the Property that resulted from discharge, spillage, uncontrolled loss, seepage and/or filtration of oil, petroleum and/or chemical liquids or solids, liquid products and/or hazardous wastes, all within the meaning of § 22a-452, on and into the Property.

41.     Under Conn. Gen. Stat. §22a-452, Old Gate is entitled to reimbursement from O-I for the costs of containing, removing, and otherwise mitigating the effects of the hazardous wastes and substances released on the Property through the negligent and/or *per se* negligent acts and failure to act of O-I.

## FIFTH COUNT:  Negligence

42.    Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 41, *supra*, as if fully set forth at length herein.

43.    O-I had a duty to use the Property in a reasonable way and to properly use, treat, store, generate, or dispose of hazardous waste and materials without endangering human health or the environment.

44.    O-I had a duty to take precautions to ensure that hazardous waste and other contaminants would not migrate into the soil at the Property.

45.    O-I breached its duties and its breach constitutes negligence.

46.    As a direct and proximate result of O-I's negligence and breach of duty, Old Gate has and will continue to sustain damages associated with its investigation and remediation of the Property for which O-I is liable.

## SIXTH COUNT:  Unjust Enrichment

47.    Old Gate repeats, realleges and incorporates by reference paragraphs 1 through 46, *supra*, as if fully set forth at length herein.

48.    O-I has received a benefit *vis a vis* the Property in that it received revenues from conducting its business there for many years.  However, a byproduct of its conducting such business there was the release of hazardous substances as set forth herein.  O-I did not conduct its business in a manner that would have ensured such hazardous substances were not released and/or did not take the steps necessary to clean up any such substances that were released.  Its failure to conduct its business in such a manner as to prevent the release of hazardous substances resulted in a savings to it of the sums necessary to achieve such results.  Similarly, O-I's failure

10

to remediate the release of hazardous substances, which it had a legal obligation to undertake, resulted to a benefit to it in saving the necessary cost thereof, which it did not expend.

49.     O-I's failures to ensure that hazardous substances were not released in conducting its business and to remediate its release of such substances operated to the detriment of Old Gate, which now owns the property and has undertaken to conduct the cleanup of those substances and incur the concomitant cost.  O-I has not rendered any corresponding benefit, remuneration or consideration to Old Gate.

50.     Old Gate's conducting and expending the necessary sums to accomplish the cleanup of the hazardous substances released by O-I, which O-I had a legal duty to not release and then, once released, to remediate, results in a benefit and enrichment to O-I and a detriment to Old Gate.  Absent an adjustment of the equities by means of this claim, O-I will have been unjustly enriched at the expense of Old Gate.

51.     To the extent Old Gate is required to expend funds for the investigation and remediation of contamination O-I caused and did not investigate nor remediate, and for which O-I had a legal obligation to remediate, O-I is unjustly enriched at Old Gate's expense and is liable to Old Gate for those expenses.  Given this, and all of the other facts pled herein, in equity, justice and good conscience, O-I should compensate Old Gate for all amounts by which it has been, and will in the future be, enriched.

**WHEREFORE**, Plaintiff Old Gate requests this Court's grant of the following relief:

1.     Finding O-I liable to it under 42 U.S.C. § 9601, *et seq.* and awarding to it the costs of investigation, removal and remediation incurred and to be incurred by Old Gate with respect to the hazardous substances released by O-I;

2.      Entering a declaratory judgment pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613 (g)(2) in favor of Old Gate and against O-I determining that O-I is legally obligated to reimburse Old Gate for all costs incurred and to be incurred by Old Gate with respect to the hazardous substances released by O-I;

3.      Declaring that O-I violated Conn. Gen. Stat. § 22a-16 and, pursuant to Conn. Gen. Stat. § 22a-18(e), that Old Gate is entitled to judgment against O-I for Old Gate's costs incurred to restore the air, water and other natural resources affected by the hazardous substances released by O-I at the Property;

4.      Determining under Conn. Gen. Stat. §22a-452 that Old Gate is entitled to reimbursement from O-I for costs for containing, removing, and otherwise mitigating the effects of the hazardous wastes and substances released on the Property through the negligent and/or per se negligent acts and failure to act of O-I;

5.      Granting judgment to Old Gate and against O-I with respect to Old Gate's common law negligence claim against O-I in an amount to be determined at trial;

6.      Granting judgment to Old Gate and against O-I with respect to Old Gate's unjust enrichment claim against O-I in an amount to be determined at trial;

7.      Awarding to Old Gate and against O-I attorneys' fees as permitted by CERCLA and C.G.S. §§ 22a-16, 22a-18, and 22a-452 related to remediation efforts or any other recoverable basis; and

8.    Such other relief as the Court deems fair and equitable.

Dated at Mineola, New York this 4th day of October, 2018.

JACOBI, CASE & SPERANZINI, P.C.
Attorneys for the Plaintiff

/s/ Brenton J. Elliott

By:    _____
Brenton J. Elliott
(D.Conn. Bar. No. ct29735)
David Speranzini
57 Plains Road, Suite 2B
Milford, CT 06461
Phone: (203) 874-7110
Fax:  (203) 874-6469


READ LAW GROUP, PLLC
Attorneys for Plaintiff

/s/ Christopher M. Read

By:    _____
Christopher M. Read
666 Old Country Road, Suite 901
Garden City, NY  11530
Phone:  (516) 227-6363
Fax:  (516) 227-6367
Application for Admission *Pro Hac Vice*
to be filed

LAW OFFICES OF PATRICK J. SULLIVAN,
PLLC
Attorneys for the Plaintiff

/s/ Patrick J. Sullivan

By:    _____
Patrick J. Sullivan
(D.Conn. Bar No. ct26167)
92 Willis Avenue, Second Floor
Mineola, New York 11501
Tel: (516) 342-1248
Fax: (516) 747-9405