UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLD GATE PARTNERS, LLC,<br>　　　Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:18-CV-01657 (JCH) |
| v. | :<br>: | |
| PADDOCK ENTERPRISES, LLC,<br>　　　Defendant. | :<br>: | NOVEMBER 22, 2024 |

**RULING ON DEFENDANTS' MOTION TO PRECLUDE EXPERT REPORT OF DEFENDANT'S EXPERT MICHAEL P. HEDDEN (DOC. NO. 186)**

**I.　INTRODUCTION**

Plaintiff Old Gate Partners, LLC ("Old Gate") brings this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201; section 22a-16 of the Connecticut General Statutes; and Connecticut common law against defendant Paddock Enterprises, LLC ("Paddock"). See Amended Complaint ("Am. Compl.") (Doc. No. 45). Old Gate alleges that Paddock is liable for contamination of a property ("the Property") currently owned by Old Gate. See id.

Before the court is the plaintiff's second Motion to Preclude Expert Testimony of Defendant's Expert Michael Hedden ("Pl.'s Mot.") (Doc. No. 186). Paddock opposes the Motion. See Memorandum in Opposition to Plaintiff's Motion to Exclude Expert Testimony of Michael Hedden ("Def.'s Opp.") (Doc. No. 190).

For the reasons stated below, the Motion is denied.

1

## II. BACKGROUND

Because this is the plaintiff's second Motion to Preclude regarding Mr. Hedden, the court assumes familiarity with the facts and procedural background of the case, and summarizes only the background relevant to this Motion.

Mr. Hedden is a real estate appraiser with 42 years of appraisal experience. See Expert Report of Michael P. Hedden ("Hedden Original Report") (Doc. No. 146-1) at 3. Mr. Hedden was retained by Paddock to provide valuation opinions of the Property's "highest and best use and market value". See id. at 6. As a part of his analysis, he utilized an appraisal technique known as the sales comparison approach. See id. at 21 (describing how, to implement the sales comparison approach, "data on sales of similar parcels of land is collected, analyzed, compared, and adjusted to provide a value indication for the site being appraised"). Based on this approach, Mr. Hedden concluded that the Property's market value was not less than $9 million as of May 2017 and not less than $10.37 million as of April 2023. Id. at 7-8.

On November 29, 2023, Old Gate filed its first motion to preclude Mr. Hedden's Testimony. See Motion to Preclude Expert Testimony of Defendant's Expert Michael Hedden (Doc. No. 145). Old Gate sought to exclude Mr. Hedden's testimony on the grounds the he is unqualified, that certain of his proffered opinions are irrelevant, and that his analysis is unreliable. See Plaintiff's Memorandum of Law in Support of Motion to Exclude Expert Testimony of Michael Hedden (Doc. No. 146) at 3.

The court granted the Motion in part and denied it in part. See Ruling on Plaintiff's Motion For Partial Summary Judgment and Motions to Preclude ("Ruling") (Doc. No. 171) at 17-27. Specifically, the court rejected challenges to Mr. Hedden's

qualifications, and it excluded as irrelevant his opinions about Milford's zoning intentions and entrepreneurial profit.  See id.

Relevant to the present Motion, the court also excluded as unreliable Mr. Hedden's valuation opinions of the Property.  The court concluded that his sales-comparison analysis relied on "unclear, unsupported rationales", and that Mr. Hedden failed to disclose "underlying data sufficient to replicate his analysis".  Id. at 23-4.  Further, the court also found that Mr. Hedden had categorized certain adjustment factors using qualitative descriptors like "superior" or "inferior", without ascribing quantitative dollar amounts or percentage adjustments. Id. at 24.  As a result, the court reasoned, Mr. Hedden's report provided "no discernable methodology" sufficient for the court to understand how Mr. Hedden determined adjusted sale prices, and, ultimately, his 2017 and 2023 valuations.  However, because Mr. Hedden could potentially clarify his methodology, the court granted the Motion as to the valuation opinions without prejudice to Mr. Hedden filing an amended report that corrects the shortcomings identified by the court.  See id.

On June 19, 2024, Paddock filed an Expert Report Supplement from Mr. Hedden ("Supplemental Report") (Doc. No. 172-1).  On August 13, 2024, Old Gate filed its second Motion to Exclude Mr. Hedden's Testimony.  See Pl.'s Mot; see also Plaintiff's Memorandum of Law in Support of Motion to Preclude Expert Testimony of Defendant's Expert Michael Hedden ("Pl.'s Mem") (Doc. No. 187).  Old Gate argues that the supplement is insufficient to correct the infirmities identified by the court in its prior Ruling, and that Mr. Hedden's 2017 and 2023 valuation opinions should remain excluded.  See id.  Paddock filed a memorandum in opposition, see Def.'s Opp., and

Old Gate filed a reply. See Plaintiff's Reply Memorandum of Law in Support of it's Motion to Preclude Expert Testimony of Defendant's Expert Michael Hedden ("Pl.'s Reply") (Doc. No. 193).

## III.    LEGAL STANDARD

Expert testimony is admissible under Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. Rules of Evid. 702. The District Court acts as a gatekeeper, charged with the task of deciding whether the expert's testimony satisfies Rule 702's general requirements. See Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 (1993). In defining the gatekeeping role of the District Court, the Second Circuit has distilled Rule 702's requirements into three broad criteria: (1) qualifications, (2) reliability, and (3) relevance and assistance to the trier of fact. See Nimely v. City of New York, 414 F.3d 381, 396-97 (2d Cir. 2005).

If an expert meets the threshold requirement of qualification, the court must determine whether the expert's testimony itself is reliable. In Daubert, the Supreme Court identified several factors that may be considered in assessing reliability:

> (1) whether a theory or technique "can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) a technique's "known or potential rate of error," and "the existence and maintenance of standards controlling the technique's operation'" and (4) whether a particular technique or theory has gained "general acceptance" in the relevant scientific community.

Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (quoting Daubert, 509 U.S. at 593–94 (internal quotations and citations omitted)).  These factors, however, do not constitute a "definitive checklist or test."  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999).  Instead, the inquiry is a flexible one and must be "tied to the facts of a particular case" with attention to "the nature of the issue, the expert's particular expertise, and the subject of his testimony."  Id.

However, "Daubert and its progeny. . . do not apply straightforwardly in the context of bench trials." 720 Lex Acquisition LLC v. Guess? Retail, Inc., No. 09-CV-7199 AJN, 2014 WL 4184691, at *10 (S.D.N.Y. Aug. 22, 2014); see also L.S. by Oliveira v. United States, No. 16-CV-08763 (PMH), 2020 WL 13566228, at *2 (S.D.N.Y. Oct. 30, 2020) ("A Daubert hearing prior to a bench trial can be unnecessary and inefficient.") "While standards for admissible evidence are not out the window entirely in a bench trial, all doubts at a bench trial should be resolved in favor of admissibility." Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01 CIV. 3796 (PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) (internal quotation marks and citations omitted).  "The risk of the admission of irrelevant evidence in a bench trial is that it will prolong the proceedings; the risk of its exclusion is that the Court will court error and make a decision on an incomplete record." Clark v. Quiros, No. 3:19-CV-575 (VAB), 2024 WL 3292540, at *2 (D. Conn. July 3, 2024) (citation omitted). Therefore, "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." Bic Corp. v. Far E. Source Corp., 23 F. App'x 36, 39 (2d Cir. 2001).

Accordingly, the court "has considerable discretion in admitting the proffered testimony and making any necessary Daubert determinations thereafter. . . ." Yang v. United States, No. 1:21-CV-06563 (SDA), 2024 WL 3834836, at *5 (S.D.N.Y. Aug. 14, 2024) (internal citations and quotations omitted).

## IV.  DISCUSSION

In its prior Ruling, the court provided leave for Mr. Hedden to file an amended report that explained, "with reasonable clarity and precision, the methodology that he used when he made his adjustments."  Ruling at 25.

In his Expert Report Supplement, Mr. Hedden includes updated sales adjustment grids for his 2017 and 2023 valuations.  See Supplemental Report at 5,10.  Under the heading of "Cumulative Adjusted Price," these grids replace the prior "Superior" and "Inferior" designations of the original report with percentage value adjustments.  Id.  It appears to the court that these percentage value adjustments are only at intervals of 5 percent, either 5 percent, 10 percent, 15 percent, or a dash, indicating no adjustment. Id.  In his narrative explanations for how he arrived at these intervals, Mr. Hedden largely relies on "his experience and professional judgment."  See, e.g., Supplemental Report at 7 ("Based on my years of experience and professional judgment, 5% and 10% downward adjustments are appropriate to account for the smaller size of Comparable 1 . . .).

The plaintiff has raised concerns about this disclosed methodology.  The court shares these concerns about whether Mr. Hedden's selected numerical adjustments are "based on sufficient facts or data," see Fed. Rules of Evid. 702, or whether these adjustments are subjective, speculative, or arbitrary.  See LVL XIII Brands, Inc. v. Louis

6

Vuitton Malletier S.A., 209 F. Supp. 3d 612, 636 (S.D.N.Y. 2016), aff'd sub nom. LVL XIII Brands, Inc. v. Louis Vuitton Malletier SA, 720 F. App'x 24 (2d Cir. 2017) ("if the witness is relying solely or primarily on experience, then he must explain how that experience leads to the conclusion reached. . ."). In the court's view, this raises serious concerns about whether Mr. Hedden's experience and professional judgment can fill the gap between qualitative observations and quantitative adjustments to property valuations.

However, because the parties are scheduled for a bench trial, the court "has considerable discretion in admitting the proffered testimony and making any necessary Daubert determinations thereafter. . . ." Yang v. United States, No. 1:21-CV-06563 (SDA), 2024 WL 3834836, at *5 (S.D.N.Y. Aug. 14, 2024) (internal citations and quotations omitted). The court chooses to exercise that discretion here and will admit Mr. Hedden's valuation opinions. In the court's view, Mr. Hedden's supplemental report is sufficient to render his methodology discernable and understandable to the court. Rather than delaying the case through a detailed scrutiny of Mr. Hedden's property comparison adjustments, the court will reserve judgment and decide "after the evidence is presented whether it deserves to be credited by meeting the requirements of Daubert and its progeny." Tiffany (NJ) Inc. v. eBay, Inc., 576 F. Supp. 2d 457, 458 (S.D.N.Y. 2007). Old Gate is free to vigorously cross examine Mr. Hedden on the reliability of his valuations. Additionally, Old Gate may raise arguments at a later stage that Mr. Hedden's testimony should be disregarded by the trier of fact because it fails to meet the threshold for admissibility under Daubert.

## V. CONCLUSION

For the foregoing reasons, the plaintiff's second Motion to Preclude the Expert Testimony of Mr. Hedden is denied. Pursuant to the court's prior instructions, <u>see</u> Minute Entry (Doc. No. 175), the parties' pretrial memo will be due 21 days after the date of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of November 2024.

            /s/ Janet C. Hall
            Janet C. Hall
            United States District Judge